## Thomas S. Hattersley

*v.*

## Jane A. Bissett et al.

1. When it appears that the personal estate has been exhausted and that there is a fund in this court, the proceeds of the sale of real estate, an executor may directly apply by petition for an order for so much of the said moneys as may be necessary to pay the balance of the debts due from the estate of which he is executor.

2. One of two executors may apply to this court for moneys in the hands of the court, to pay undisputed claims when any sufficient reason appears for not joining the other executor.

3. The rule is that, where a testator directs the payment of his debts and funeral expenses, and specifically devises portions of his real estate, and then gives and devises all the rest and residue of his real and personal estate whatsoever and wheresoever to two of his children, one of whom dies in his lifetime, in consequence of which the devise lapsed and descended to the heir-at-law, it not appearing that the testator left any personal estate, all of the lands included in the said residuary devise, as well those taken by the surviving devisee as those which descend in consequence of the death of the other devisee, are equally liable to the discharge of the debts and costs and expenses incurred in the settlement of the estate.

4. Commissions for services will not be allowed one of the tenants in common when it appears by proceedings in equity that he claims the entire fee and also that he rents the premises in his own name.

---

On petition of Edward P. Bissett, executor.

*Mr. John H. Backes,* for the complainant.

*Mr. Woodbridge Strong,* for the defendants.

Bird, V. C.

The question presented for determination in this case arises upon the application for the distribution of the proceeds of the sale of real estate in partition. Charles Hattersley, being the owner of considerable real estate, died, leaving a last will and testament. He expressly directed that his executors should pay all his debts and funeral expenses except certain mortgage debts, which he especially provided for. After making disposition of

the greater portion of his real estate among his children and
grandchild, he declared as follows :

"All the rest and residue of my estate, both real and personal, whatsoever
aad wheresoever situate, I give, devise and bequeath to my two daughters,
Elizabeth Hattersley Cherry and Jane Alice Hattersley, and to their heirs and
assigns forever, to be divided equally, share and share alike."

Mrs. Cherry having died in the lifetime of the testator, the
devise to her lapsed, and the interest which she would have
taken had she survived the testator, descended to Jane Alice
Hattersley (now Bissett) and to her two brothers, Thomas S.
and Charles M. Hattersley. The lands thus held by them were
sold under proceedings for partition.

A caveat was filed against proving the said will, and upon the
hearing in the orphans court and in the prerogative court, cer-
tain expenses were incurred and counsel fees allowed, which
were ordered to be paid out of the estate, the whole amount
being $746, $600 of which were the counsel fees.

Edward P. Bissett, one of the executors, comes into this court
by his petition, setting up the fact that these counsel fees and
the additional expenses referred to have not been paid, insisting
that they are a proper charge upon the funds resulting from the
proceeds of the sale of the real estate, and asking for an order
directing the payment of them before final distribution is made
of the entire fund. The principal matters respecting the rights
of the parties were set forth in the allegations of the answer by
way of cross-bill to the original bill for partition.

It is urged, by way of objection to this petition, that it is filed
by one of the executors only. To say nothing about the allega-
tions of very great hostility upon the part of Thomas, the other
executor, to the probate of the will and to his co-executor,
enough appears in the principal case to satisfy the court that
Mr. Bissett was justified in presenting the petition in his own
name, without soliciting the co-operation of Mr. Hattersley, the
other executor. But in my judgment, independent of any such
question, when nothing is involved but the appropriation of
moneys already in hand to the discharge of an unquestioned
liability, a single executor may ask the aid of the court for that

purpose, especially when the other executor is personally interested in the fund and is brought into court so that he can answer and protect the fund in which he is interested, in its entirety. *Personette* v. *Johnson, 13 Stew. Eq. 173.*

The objection that this court has not jurisdiction of the subject-matter cannot prevail. The only fund out of which this claim can be satisfied is under the control of this court, and it certainly will not refrain from acting.

Nor will it remit the parties to any other tribunal.

It was also claimed that, because the testator did not direct that the expenses of settling his estate should be paid, as well as his debts and funeral expenses, that therefore these counsel fees and other expenses incurred in litigation could not be imposed upon the real estate. It is a sufficient answer for me to say that the orphans court and prerogative court on appeal, both having jurisdiction of the subject-matter, expressly charged that these counsel fees should be paid out of the estate of the said testator. How can there be any doubt but that the law made these charges a burden upon all his estate? *Personette* v. *Johnson, supra.*

Counsel for Mrs. Bissett insisted that, since Mrs. Cherry died in the lifetime of the testator, and the devise to her lapsed and descended to the heirs-at-law of the testator, the entire burden of costs and expenses necessary to settle the estate should be borne by the lands so descending, and that no part of it should be borne by the lands which were specifically devised in the residuary clause to Mrs. Bissett.

There is no doubt but that where the testator leaves no personal estate and makes no express provision for the payment of his debts and the expenses of settling his estate out of his real estate, and devises portions of his real estate, dying intestate as to the balance, the lands which are not devised will be liable to the payment of such debts and expenses in the hands of the heir-at-law. But a different rule prevails when the testator has disposed of all his real estate, specifically giving the residue to different persons, one or more of whom die in the lifetime of the testator, no provision having been made to prevent a lapse in such an event. Plainly stated, I think the rule is that where

a testator directs the payment of his debts and funeral expenses and specifically devises portions of his real estate, and then gives and devises all the rest and residue of his real and personal estate whatsoever and wheresoever to two of his children, one of whom died in his lifetime, in consequence of which the devise lapsed and descended to the heir-at-law, it not appearing that the testator left any personal estate, all of the lands included in the said residuary devise, as well those taken by the surviving devisee as those which descend in consequence of the death of the other devisee, are equally liable to the discharge of the debts and costs and expenses incurred in the settlement of the estate. *Fisher* v. *Fisher, 2 Keen 610; Ryves* v. *Ryves, 11 L. R. Eq. Cas. 539 (40 L. J. Ch. 252); Wood* v. *Ordish, 1 Jur. (N. S.) 584; Stead* v. *Hardaker, L. R. 15 Eq. Cas. 175 (5 Eng. Rep. 789).*

Besides, it was the very clear intention of the testator to charge all the estate devised by the residuary clause with the payment of his debts, funeral expenses and the settlement of his estate.

Whether Charles M. is entitled to compensation for renting the premises and for his care and management thereof, depends upon the further question whether or not all his transactions with reference to this property were not in hostility to the interests of his sister, Mrs. Bissett, and of such a character as, in the eye of the law, to amount to an ouster. In his amended bill he alleges that because, after the making of the last will by his father, his father conveyed certain other parcels of land and premises to Mrs. Bissett, by doing which he intended that Mrs. Bissett should surrender all her interests under the will in any other lands therein devised to her, and that, consequently, the complainant charged that he and his brother, Thomas S., were the owners in fee of all the premises mentioned in the bill of complaint in this cause. In addition to this, Charles and his brother rent the premises in their own names, wholly ignoring every right or interest of their sister. Under such circumstances, would it be equitable to charge the sister with any commissions for services rendered which she never authorized or in anywise

consented to, and which were earned in total disregard and rejection of her rights ? This case does not seem to be at all like that of *Sailer* v. *Sailer, 14 Stew. Eq. 401*, in which case compensation was allowed. In that case, the tenant in common, who had the entire possession, honestly supposed that he had the entire fee. It would not seem to be equitable to allow compensation to a party who takes possession of land, claiming it as his own, against others who afterwards establish their rights to be tenants in common with him.

In such case, justice will be satisfied by reimbursing Charles for all the moneys actually expended in necessary repairs. If there be any dispute as to what moneys were so expended, that will be settled when the decree is presented.

Mrs. Bissett is entitled to costs on her answer and cross-bill. I will advise a decree in accordance with these views.